Filed 9/28/21  P. v. Wright CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091633 |
| Plaintiff and Respondent, | (Super. Ct. No. 93F06757) |
| v. | |
| CHEVAL SHANNON WRIGHT, | |
| Defendant and Appellant. | |

In 2001, petitioner Cheval Shannon Wright was found guilty of first degree murder, attempted second degree robbery, and second degree robbery.[1]  The jury found true that a principal was armed with a firearm during the commission of all of the offenses and the special circumstance that the murder was committed during the commission or attempted commission of a robbery under Penal Code section 190.2,

---

[1] We granted petitioner's request to incorporate by reference the appellate record in *People v. Wright* (Dec. 11, 2002, C039121) [nonpub. opn.].

1

subdivision (a)(17)(A).[2]  The jury found not true that petitioner personally used a firearm in the commission of the offenses.  Petitioner appeals from a postjudgment order denying his petition for resentencing of his murder conviction under section 1170.95.  He argues the trial court erred by determining he was ineligible for resentencing under this statute based on the jury's felony-murder special circumstance finding.  We disagree and affirm.

## I.  BACKGROUND

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective January 1, 2019, was enacted "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  The bill amended the definition of malice in section 188 and revised the definition of the degrees of murder to address felony-murder liability in section 189.  (*Id*., §§ 2-3; see *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417.)

Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶] (3) The petitioner could not be convicted of first or

---

[2]  Undesignated statutory references are to the Penal Code.

second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

Once a complete petition has been filed, "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

Section 1170.95, subdivision (d) provides that a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner as needed should be held within 60 days after the order to show cause; and the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. At the hearing, "[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (*Id.*, subd. (d)(3).)

Petitioner filed a petition for resentencing of his murder conviction pursuant to section 1170.95 "or, in the alternative, for writ of habeas corpus." After briefing, the court denied the petition on the basis that petitioner was ineligible for relief under section 1170.95 based on the jury's special circumstance finding. Thus, no order to show cause was issued. The court denied petitioner's motion for reconsideration and noted that he "remains free to file a formal petition for writ of habeas corpus from this court, to seek post-conviction relief from his robbery-murder special circumstance."

Petitioner appeals.

3

## II. DISCUSSION

Defendant argues his felony-murder special circumstance finding does not preclude him from being resentenced pursuant to section 1170.95 because it was made long before our Supreme Court clarified the meaning of "major participant" and "reckless indifference to human life" in the special circumstance statute in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). (See *In re Scoggins* (2020) 9 Cal.5th 667, 674 ["*Banks* and *Clark* clarified the meaning of the special circumstances statute"].) We disagree.

*Banks* and *Clark* both predate Senate Bill No. 1437. "The requirements for the felony-murder special circumstance did not change as a part of Senate Bill No. 1437, and are identical to the new requirements for felony murder following the enactment of Senate Bill No. 1437. In both instances, the defendant must have either actually killed the victim [citations]; acted with the intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in the killing [citations]; or been a major participant in the underlying felony and acted with reckless indifference to human life [citations]. By finding a special circumstance allegation true, the jury makes precisely the same finding it must make in order to convict a defendant of felony murder under the new law. Because a defendant with a felony-murder special-circumstance could still be convicted of murder, he is ineligible as a matter of law to have his murder conviction vacated." (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1140-1141, review granted Oct. 14, 2020, S264284 (*Galvan*).) We agree with the *Galvan* line of decisions that an intact felony-murder special circumstance finding, even one from before *Banks* and *Clark*, precludes relief under section 1170.95. (See *People v. Nunez* (2020) 57 Cal.App.5th 78, 83, review granted Jan. 13, 2021, S265918; *People v. Jones* (2020) 56 Cal.App.5th 474, 482, review granted Jan. 27, 2021, S265854; *People v. Allison* (2020) 55 Cal.App.5th 449, 457; *People v. Murillo* (2020) 54 Cal.App.5th 160, 167-169, review granted Nov. 18, 2020, S264978; *Galvan, supra*, at pp. 1142-1143; *People v. Gomez*

4

(2020) 52 Cal.App.5th 1, 14-17, review granted Oct. 14, 2020, S264033.) "Nothing in the language of section 1170.95 suggests it was intended to provide redress for allegedly erroneous prior factfinding. . . . The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved." (*Allison, supra*, at p. 461.) The proper avenue for relief based on *Banks* and *Clark* is a petition for writ of habeas corpus, which petitioner represents he filed in the superior court after the denial of the petition at issue in this appeal.[3] (See *Galvan, supra*, at p. 1142.) Petitioner cannot challenge the robbery-murder special circumstance finding through section 1170.95.

We recognize some appellate courts have come to contrary conclusions and the issue is currently pending in our Supreme Court. (See *People v. Secrease* (2021) 63 Cal.App.5th 231, 259, review granted June 30, 2021, S268862; *People v. Harris* (2021) 60 Cal.App.5th 939, 956, review granted Apr. 28, 2021, S267802; *People v. York* (2020) 54 Cal.App.5th 250, 258-260, review granted Nov. 18, 2020, S264954; *People v. Smith* (2020) 49 Cal.App.5th 85, 93-94, review granted July 22, 2020, S262835; *People v. Law* (2020) 48 Cal.App.5th 811, 825, review granted July 8, 2020, S262490; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1180, review granted June 24, 2020, S262011.) We, however, find the *Galvan* line of cases more persuasive.

Petitioner's assertion that the superior court's decision was neither compelled by nor permissible under principles of collateral estoppel is unavailing. The trial court did not apply collateral estoppel; it determined it lacked jurisdiction in a section 1170.95 proceeding to address a *Banks/Clark* challenge. Indeed, "the proper procedure for collaterally challenging a special circumstance finding is a petition for habeas corpus, not

---

[3] The results of these proceedings are not in the record before us.

a petition under section 1170.95." (*People v. Murillo, supra*, 54 Cal.App.5th at p. 163, review granted.) In other words, it is not that defendant is collaterally estopped from raising a challenge to his special circumstance finding in a petition under section 1170.95. Rather, section 1170.95 is not a vehicle for raising such a challenge at all. (See *Galvan, supra*, 52 Cal.App.5th at p. 1143, review granted ["section 1170.95 does not allow a *Banks* and *Clark* challenge to a felony-murder special circumstance and . . . habeas corpus is the correct procedure"].) Defendant must first have his special circumstance finding vacated through a habeas proceeding before he may seek relief through section 1170.95 as one who then "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3).) The trial court's denial of his petition under section 1170.95 before that occurred and deferral of the issue to petitioner's habeas proceeding was proper.

## III. DISPOSITION

The order denying the petition is affirmed.

/S/

RENNER, J.

We concur:

/S/

BLEASE, Acting P. J.

/S/

MURRAY, J.

6